**UNITED STATES of America,
Plaintiff,**

v.

**$500,000 in U.S. CURRENCY,
Defendant.**

**United States of America, Plaintiff,**

v.

**One 2002 Porsche Carrera, CA License No. S58416, Vin No. WPO-CA299X2S653918 Defendant.**

**Nos. 02CV1389BTM(JAH),
02CV2363BTM(JAH).**

United States District Court,
S.D. California.

July 14, 2003.

Kathryn Thickstun Leff, San Diego, CA, for the moving party, Rodney Scott Sheh-yn, in related criminal case United States v. Levine, et al, 01cr1415 BTM—brought the motion for appointment of counsel on Shehyn's behalf but was not Shehyn's attorney in the above-entitled cases.

Faith Devine, Assistant United States Attorney, Office of the United States Attorney, Southern District of California, San Diego, CA, for Government.

Joaquin M. Sena, Securities and Exchange Commission, Washington, DC, for the SEC.

## ORDER GRANTING IN PART AND DENYING IN PART APPLICATION FOR APPOINTMENT OF COUNSEL IN CIVIL FORFEITURE PROCEEDINGS

MOSKOWITZ, District Judge.

Rodney Scott Shehyn ("Shehyn") has filed an application for appointment of counsel to represent him in the above-entitled civil forfeiture actions. The Court held a hearing on Shehyn's application on June 30, 2003. For the reasons discussed below, Shehyn's application is **GRANTED IN PART** and **DENIED IN PART**.

### I. *BACKGROUND*

Shehyn is one of the defendants in the criminal case *United States v. Levine, et al.*, 01cr1415 BTM. The indictment in the *Levine* case alleges that Shehyn and 19 other defendants participated in an "Enterprise," which violated federal law in connection with the telemarketing of "high-tech," telecommunications-related investment offerings. According to the Indictment, Shehyn was a member of the Enterprise from approximately June 1995 through approximately December 1996.

Shehyn was arrested by the FBI on May 21, 2001 at the San Francisco Inter-

national Airport. On or about June 28, 2001, following detention hearings, the United States and Shehyn stipulated to a $500,000 appearance bond, co-signed by Shehyn's daughter, Audrey Shehyn, and son-in-law, Russell Vernick. The bond was secured by real property owned by Ms. Shehyn and Mr. Vernick, valued at $275,000, and a cash deposit of $225,000 by Shehyn. The law firm Seltzer, Caplan, McMahon & Vitek ("Seltzer Caplan") wired the $225,000 on behalf of Shehyn to the Clerk of the Court.

On April 18, 2002, the United States and Shehyn agreed to modify the June 28, 2001 stipulation to allow Shehyn to deposit an additional $275,000 with the Clerk so that the property owned by Ms. Shehyn and Mr. Vernick could be released from the bond. Again, Seltzer Caplan wired the money on behalf of Shehyn to the Clerk of the Court.

On June 11, 2002, the Government moved to revoke Shehyn's bail and the Court issued a warrant for Shehyn's arrest. On June 12, 2002, the Court held a detention hearing. The Government presented evidence that Shehyn, operating through an entity called Millennium Financial, Ltd. ("Millennium"), had been involved in defrauding investors in connection with the offer and sale of "pre-initial public offering stocks" of certain companies. The Court found that there was probable cause to believe that Shehyn had committed wire fraud and money laundering offenses in violation of the conditions of his release that he not commit a federal, state or local crime. The Court ordered that Shehyn be detained.

On June 19, 2002, the Hon. Michael B. Mukasey of the Southern District of New York issued an "Order Granting Preliminary Injunction and Other Relief" in the action entitled *Securities and Exchange Commission v. Millennium Financial, Ltd.,* 02Civ3901(MBM), finding that the SEC had made a prima facie showing that Millennium had committed securities fraud in violation of 15 U.S.C. section 77q(a).

In these forfeiture actions, the Government claims that Shehyn's 2002 Porsche Carrera and the $500,000 that was wired to the Clerk of the Court as security for Shehyn's appearance bond, are subject to civil forfeiture pursuant to 18 U.S.C. sections 981(a)(1)(A) and/or 981(a)(1)(C). The Government alleges that the $500,000 and the funds used to purchase the defendant vehicle were derived from unlawful activities, to wit, securities fraud, mail fraud, wire fraud, and interstate transportation of stolen property. The Government further alleges that the financial transactions at issue—i.e., the transfer of funds for the purchase of the vehicle and the transfer of funds to the Clerk of the Court—were designed, in whole or in part, to conceal or disguise the nature, location, source, ownership, or control of the proceeds of unlawful activity.

## II. *DISCUSSION*

■ Shehyn has filed a request that the Court appoint Richard Barnett, Esq., to represent him in these civil forfeiture actions. Shehyn argues that the Court has the authority to do so under 18 U.S.C. section 983(b)(1)(A). The Court disagrees. Upon a careful reading of section 983(b)(1)(A), the Court finds that it can authorize Kathryn Thickstun Leff, Shehyn's appointed counsel in the criminal case, to represent Shehyn in these actions but cannot appoint separate counsel.

■ When interpreting a statute, courts must begin by determining whether the

meaning of the statute is clear on its face. When the words of a statute are unambiguous, judicial inquiry is complete. *Connecticut Nat'l Bank v. Germain*, 503 U.S. 249, 254, 112 S.Ct. 1146, 117 L.Ed.2d 391 (1992). Turning to the language of the statute at issue, section 983(b)(1)(A) provides:

> If a person with standing to contest the forfeiture of property in a judicial forfeiture proceeding under a civil forfeiture statute is financially unable to obtain representation by counsel, *and the person is represented by counsel appointed under section 3006A of this title in connection with a related criminal case, the court may authorize counsel to represent that person with respect to the claim.*

(Emphasis added.)

At the hearing on Shehyn's application for appointment of counsel, Mr. Barnett, making a special appearance for Ms. Leff, argued that the statute does not place any limitations on who can be appointed as counsel in connection with the forfeiture proceedings. Mr. Barnett pointed out that the statute does not state that the court may authorize "*such* counsel" or "counsel appointed in the criminal case," but, rather, just states that the Court may "authorize counsel."

However, the statute's use of the word "authorize" as opposed to "appoint" undermines Mr. Barnett's argument. If Congress wished to give courts the power to appoint new counsel in connection with forfeiture actions, it would have used the word "appoint," as it has in other statutes providing for the appointment of counsel. *See, e.g.,* 18 U.S.C. § 3006A. Instead, Congress deliberately used the word "authorize." Section 983(b)(1)(B) repeats the phrase "authorize counsel," confirming that its use in subparagraph (A) was not accidental: "In determining whether to authorize counsel to represent a person . . . ."

Under the plain meaning of section 983(b)(1)(A), courts may *expand* the scope of a previously-appointed counsel's representation to include forfeiture proceedings. But courts do not have the authority to *appoint* separate counsel so that the defendant has one counsel in the criminal case and another in the forfeiture case.

The Court's interpretation of section 983(b)(1)(A) is consistent with the concepts of efficiency and economy. Ms. Leff is very knowledgeable about the facts and evidence pertaining to the *Levine* case and is familiar with the *Millennium* case. If the Court were to appoint new counsel for the forfeiture proceedings, the new attorney would have to spend a substantial amount of time reviewing materials and interviewing Shehyn to learn what Ms. Leff already knows. Taxpayers should not have to bear the cost of duplicative work.

Moreover, if Shehyn were represented by different attorneys in the criminal case and the forfeiture cases, the attorneys could take inconsistent actions and thereby risk prejudicing Shehyn's interests in one or all of the cases. In contrast, Ms. Leff can coordinate the defense case in *Levine* and the litigation of Shehyn's claims in the forfeiture actions to ensure a uniform strategy.

In sum, the language of section 983(b)(1)(A) and public policy support the Court's conclusion that it cannot appoint separate counsel to represent Shehyn in these forfeiture actions. Therefore, the Court denies Shehyn's request for the appointment of Mr. Barnett.

The question remains whether the Court should authorize Ms. Leff, appointed counsel in the criminal action, to represent Shehyn in these cases. Under section 983(b)(1)(A) and (B), the person seeking representation in the civil forfeiture action must satisfy the following requirements: (1) the person has standing to contest the forfeiture; (2) it appears that the person's claim is made in good faith; (3) the person is financially unable to obtain representation by counsel; (4) the person is represented in a criminal case by counsel appointed under 18 U.S.C. § 3006A; and (5) the criminal case is "related."

It is undisputed that Shehyn has standing to contest the forfeiture of the defendant property. Shehyn claims that he is the rightful owner of the vehicle and the currency.

As for the second requirement, nothing indicates that Shehyn has not brought his claims in good faith. Accordingly, the Court finds that this requirement is satisfied.

The Court previously found that Shehyn could not afford counsel on an hourly basis when it appointed Ms. Leff under section 3006A. Based on a declaration submitted by Shehyn, the Court also finds that Shehyn has been unable to obtain counsel on a contingency fee basis and, therefore, is financially unable to obtain representation by counsel.

Shehyn is represented by counsel in a criminal matter, the *Levine* case. However, the Government disputes that *Levine* is "related" to these forfeiture actions. The Government argues that the funds at issue in these cases are tied to Shehyn's involvement with Millennium, not the alleged criminal activity that gave rise to the *Levine* case.

■ Although the facts underlying the *Levine* case may not form the bases of these forfeiture actions, the Court still finds that the cases are related. In *Levine*, the Government filed a Revised Notice of Intent to Use Evidence of "Other Acts" Pursuant to Federal Rule of Evidence 404(b), which indicates that the Government intends to introduce evidence of Shehyn's involvement with Millennium. The Court believes that evidence of the *Levine* transactions may be used in a like manner in these cases under Federal Rule of Evidence 404(b)—e.g., to show intent, knowledge, or plan. Indeed, both of the Complaints reference the *Levine* indictment and the allegations therein.

Shehyn has satisfied the conditions for obtaining representation with respect to his claims in these cases. Therefore, the Court authorizes Ms. Leff to represent Shehyn, but limits its authorization to representation in connection with the pending motion to stay the civil forfeiture proceedings. The Court will revisit the issue of representation upon deciding the motion to stay. If the stay is granted until the termination of the criminal case, Shehyn will be required to demonstrate why it is necessary that Ms. Leff continue to represent him in the forfeiture cases.

### III. CONCLUSION

For the reasons discussed below, the Court **GRANTS IN PART** and **DENIES IN PART** Shehyn's application for appointment of counsel. The Court denies Shehyn's request that the Court appoint Richard Barnett, Esq. to represent him in these actions. However, the Court authorizes Ms. Leff to represent Shehyn in connection with his pending motion to stay the civil forfeiture proceedings.

**IT IS SO ORDERED.**